UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00123-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ZERRELL ROSS FUENTES,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion to Seal sentencing memorandum. Unfortunately, defendant filed the Sentencing Memorandum publicly and submitted the Motion to Seal to Chambers via CyberClerk. Because this was the inverse of what should have occurred, the Court determines that this was an inadvertent error inasmuch as LCrR 49.1.1(d) allows the document sought to be sealed to be submitted to chambers via CyberClerk for *in camera* review while LCrR 49.1.1(a) requires the Motion to Seal to be filed publicly.

In order to file a Sentencing Memorandum under seal, a party must first seek leave by filing with the court a public motion that includes a non-confidential description of the reasons that sealing is needed without revealing the actual information the party seeks to seal. While the Court would normally instruct the Clerk of Court to administratively correct the filing errors, that cannot be done here as the submitted Motion to Seal does not contain a "non-confidential" description of the reason for sealing. While mentioning a sufficient reason for sealing, to wit, protection of HIPAA materials derived from the PSR, the motion goes on to reveal the contents of the HIPAA protected records, which, if publicly filed, would have defeated the purpose of sealing. Paragraph 1 of the proposed Motion to Seal should have left out that material and provided, as follows:

1. The material in said motion contains information from the presentence report relating to defendant's HIPAA protected information that requires sealing pursuant to Rule 49.1(a), Federal Rules of Criminal Procedure.

Thus, to insure protection of HIPAA protected information derived from the PSR, the Court will grant the Motion to Seal upon a finding that the Sentencing Memorandum contains references to HIPAA protected information, that the public interest in such materials is greatly outweighed by the interests of defendants and others in the protection of health information, and that no lesser means exists to protect that information other than by allowing the Sentencing Memorandum to be filed under seal.

Defendant is, however, required to file a Motion to Seal, taking care to provide only a non-confidential description of the reason that sealing is sought as provided above.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Seal Sentencing Memoranda, which will be filed by defendant *nunc pro tunc*, is **GRANTED,** and defendant's Sentencing Memorandum (#124) is **SEALED** and shall remain sealed until further Order of this Court.

Signed: February 4, 2019



Max O. Cogburn Jr.
United States District Judge