# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### DOCKET NO. 3:17-CR-123-MOC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ZERRELL ROSS FUENTES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER IS BEFORE THE COURT** on the *pro se* "Defendant's Request To Withdraw Plea Agreement" (Document No. 130) filed by Defendant, Zerrell Fuentes, on February 1, 2019. Treating this matter initially as a matter regarding the status of legal counsel, the Court conducted an Inquiry to Counsel hearing on February 14, 2019. To be clear, Defendant takes the position that his current appointed counsel, Denzil Forrester, should be discharged, and Defendant should be allowed to withdraw his plea of guilty. Having carefully reviewed Defendant's *pro se* pleading, as well as the exchange at the February 14, 2019 hearing, the Court finds that substitution of counsel is not warranted; Mr. Forrester will continue as Defendant's counsel. The Court takes no action for now on the *pro se* request to withdraw the plea agreement.

## PROCEDURAL SUMMARY

On April 20, 2017, Defendant was indicted, along with two co-defendants, with numerous serious offenses related to child sex trafficking. (Document No. 1). On April 26, 2017, Attorney Denzil Forrester, a member of the district's CJA Panel, was appointed to represent Defendant; he has served as counsel to Defendant throughout this nearly two-year matter. Pursuant to a motion,

on August 22, 2017, the undersigned ordered Defendant to undergo a psychiatric examination to determine both his competency to proceed and his legal sanity at the time of the offense. (Document No. 38). On November 21, 2017, a psychiatric report was filed finding Defendant competent to proceed and legally sane at the time of the crimes alleged. (Document No. 46). Pursuant to a Plea Agreement filed July 5, 2018 (Document No. 94), Defendant entered his plea of guilty before the undersigned to Count 2 in the Bill of Indictment on July 10, 2018. See (Document No. 102).

Following his plea of guilty, Defendant's case has proceeded through the usual presentence process. While the presiding district judge must rule on numerous objections to the Presentence Report at a sentencing hearing, the final Presentence Report calls for a sentencing range for Defendant of 360 months to life. See (Document No. 122). The case was set for a sentencing hearing before Judge Max O. Cogburn, Jr. on February 11, 2019, but this motion caused that sentencing hearing to be postponed. As noted, the undersigned conducted a hearing on this matter on February 14, 2019, at which the Court heard from counsel for both parties, as well from Defendant himself.

## **LEGAL STANDARD**

Once competent counsel has been appointed to represent an indigent defendant, it is within the Court's broad discretion whether to allow a motion for substitute counsel. See, e.g., United States v. Horton, 693 F.3d 463, 466-67 (4th Cir. 2012); United States v. Smith, 640 F.3d 580, 587 (4th Cir.), cert. denied, 565 U.S. 955 (2011); United States v. Gallop, 838 F.2d 105, 107-08 (4th Cir. 1988). In determining whether a district court has abused its discretion in denying a motion to substitute counsel, the Fourth Circuit considers three factors: "(1) the timeliness of the motion; (2) the adequacy of the court's subsequent inquiry; and (3) whether the attorney/client conflict is

2

so great that it had resulted in total lack of communication preventing an adequate defense." Smith, 640 F.3d at 588, quoting Gallop, 838 F.2d at 108. Accord United States v. Hackley, 662 F.3d 671, 685 (4th Cir. 2011), cert. denied, 566 U.S. 1030 (2012); and United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). The reported fact that defendant and counsel are not "getting along" is generally insufficient to require appointment of substitute counsel. See, e.g., Morris v. Slappy, 461 U.S. 1, 13-14 (1983) (Sixth Amendment does not guarantee "meaningful relationship" or good rapport with attorney, just constitutionally adequate representation).

## **DISCUSSION**

To repeat, this order addresses only the issue of counsel and essentially interprets a part of Defendant's *pro se* motion (Document No. 130) as a "Motion To Substitute Counsel." Taking into account the law set forth above, and particularly the three-part test often applied to review such matters, the Court will deny the motion. Mr. Forrester should remain as Defendant's appointed counsel.

First, in fairness to Defendant, he should know that the Court has reviewed his written *pro se* motion and its five claims. In summary form, Defendant's claims are that: he never received his personal copy of discovery; the process around the denial of his motion to continue the July 16, 2018 trial date was unfair; he grew up subject to dysfunctional norms not of his making and he should have been found legally not sane; Count Two of the indictment (to which he pled guilty) is facially defective; and his guilty plea was coerced and Mr. Forrester violated the ethics rules. While these allegations are interesting and may bear on Defendant's argument to withdraw his guilty plea, they are less germane to the question of counsel, at least to the short-term question of whether Mr. Forrester should be substituted.

Turning to the three-part analysis set forth above, the Court first considers timeliness. Defendant's request to replace Mr. Forrester is most definitely untimely, and this cuts against his request. Mr. Forrester has been serving as Defendant's counsel for a little under two years. The case is near its conclusion, as only sentencing remains; in fact, but for this motion, sentencing would have occurred as previously scheduled in February. Mr. Forrester and Defendant have worked together on this matter for nearly two years, and the proposed late substitution of counsel would delay – perhaps significantly – the conclusion of this matter, as it would take new counsel some period of time to get up to speed. Mr. Forrester's significant work on the case, including his review of discovery, his motions practice regarding competency and sanity, his plea negotiations with the government, his objections to the Presentence Report, and his many consultations with Defendant over nearly two years, would in some part be duplicated if new counsel were substituted now.

The second issue is whether the Court has conducted an adequate inquiry; respectfully, the Court believes that it has conducted a thorough inquiry into this matter. The Court has carefully reviewed the contents of Defendant's *pro se* motion (Document No. 130), and for that matter, the entire nearly two-year record of the case. Further, the Court conducted on February 14, 2019 an Inquiry to Counsel hearing during which the Court heard from counsel for the Government, counsel for the Defendant, and most important, Defendant himself. It is worth nothing that while the hearing made clear Defendant's desire that Mr. Forrester be discharged, it also illuminated the Government's view that Mr. Forrester had negotiated passionately and ably on behalf of Defendant against the Government's strong factual hand, and Mr. Forrester's willingness to carry on despite the difficult circumstances, which the Court will return to below.

The third issue is, simply put, whether on these facts the attorney/client relationship has been mortally wounded and cannot continue.  Here, Defendant has certainly been clear that he does not want Mr. Forrester as his appointed counsel any longer.  His *pro se* motion is certainly critical of Mr. Forrester's performance.  But, Defendant is not entitled to appointed counsel he likes; he is entitled to constitutionally adequate counsel.  As stated above, the Government's counsel was complimentary of Mr. Forrester's efforts, especially as to plea negotiation.  Mr. Forrester, to his credit, stated <u>twice</u> on the record during the February 14, 2019 hearing that he is willing to continue representing Defendant despite Defendant's criticism.  With due respect to Defendant, the Court wonders whether Defendant's late criticism of Mr. Forrester is less about his performance and more about the sentencing range he may face, as revealed in the recently filed presentence documents.

In summary, on the issue of counsel, the Court finds that an adequate inquiry has been conducted, Defendant's request to substitute counsel is untimely, and the attorney/client relationship is not so mortally wounded so as to prevent an adequate defense.  Mr. Forrester (as he has said he would) will continue as Defendant's appointed counsel pending further orders of the Court.

## **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that the *pro se* "Defendant's Request To Withdraw Plea Agreement" (Document No. 130) is treated in part as a "Motion to Substitute Counsel," and that portion of the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Attorney Denzil Forrester shall continue as Defendant's appointed counsel in this matter pending further orders of the Court.

**IT IS FURTHER ORDERED** that the portion of the *pro se* "Defendant's Request To Withdraw Plea Agreement" that directly addresses withdrawing the Plea Agreement is <u>not</u> addressed by this Order. That portion of the motion remains open. The undersigned will await further direction from the presiding district judge as to how this issue will be addressed by the Court.

**IT IS FURTHER ORDERED** that, keeping in mind that Mr. Forrester has filed on behalf of the Defendant both a Sentencing Memorandum and numerous Objections to the Presentence Report, Mr. Forrester shall meet with Defendant as soon as possible to discuss with him the status of his case and further opportunities for advocacy on his behalf.

**SO ORDERED**.

Signed: March 27, 2019

David C. Keesler
United States Magistrate Judge