UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00398-MOC
(3:17-cr-00123-MOC-DCK)

| | |
|---|---|
| ZERRELL ROSS FUENTES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I. BACKGROUND

On April 27, 2016, Charlotte Mecklenburg Police Department officers arrested Petitioner on various state charges. [CR Doc. 122 at ¶ 11: Presentence Investigation Report (PSR)]. While Petitioner was in jail, he devised a scheme to have three minor girls prostitute to earn money for Petitioner's bond. [Id.]. Because Petitioner was in jail, he enlisted the help of his wife, Briana Wright, and his mom, Tanya Fuentes, to execute the scheme. [Id.]. On or around April 28, 2016, while Petitioner was in the Mecklenburg County Jail, he called Wright to discuss having J.E. prostitute to earn money for Petitioner's bond. [Id. at ¶ 5]. Petitioner knew at this time that J.E. was a minor. [Id.]. In one call, Petitioner advised Wright how to advertise and manage J.E.'s prostitution efforts and profits. [Id.]. Through other calls form jail, Petitioner recruited J.E. to

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00398-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00123-MOC-DCK.

prostitute and to use the proceeds, at least in part, for Petitioner's bond. [Id.]. J.E., who had been in a sexual relationship with Petitioner before his incarceration, agreed to prostitute for Petitioner's benefit. [Id.]. J.E. was a homeless runaway at the time. [Id. at ¶ 12].

On May 6, 2016, Wright, with Tanya Fuentes, drove J.E. and two other minors to Myrtle beach, South Carolina, to prostitute the girls. [Id. at ¶ 6, 14]. The minors' prostitution services were advertised on Backpage.com to solicit clients in Myrtle Beach. [Id. at ¶ 6]. On May 6 and 7, 2016, Petitioner called the women and the minors multiple times from the jail to discuss the arrangements and to encourage J.E. to make money. Petitioner also expressed frustration that the minors were not working hard enough and were not making enough money for him. [Id. at ¶ 8]. While in Myrtle Beach, J.E. engaged in commercial sex acts, earning a few hundred dollars for Petitioner's bond. [Id. at ¶ 9].

On April 20, 2017, Petitioner Zerrell Ross Fuentes ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to commit sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), (c) and 1594(c) (Count One); three counts of sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), (c), and 2 (Counts Two, Three, and Four); one count of conspiracy to transport a minor to engage in prostitution in violation of 18 U.S.C. § 2423(a) and (e) (Count Five); and three counts of transportation of a minor to engage in prostitution in violation of 18 U.S.C. §§ 2423(a) and 2 (Counts Six, Seven, and Eight); [CR Doc. 1: Bill of Indictment].

The parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Count Two and the Government agreed to dismiss the remaining Counts. [CR Doc. 94 at ¶ 1: Plea Agreement]. Pursuant to Rule 11(c)(1)(B), the parties agreed to jointly recommend that the Court find as follows as to the U.S.S.G.:

a. The offense level for the subject offenses are as follows:

**Base Offense Level [U.S.S.G. 2G1.3]: 30**

Specific Characteristics:

[U.S.S.G. §2G1.3(b)(3)(B)]   +2
[U.S.S.G. §2G1.3(b)(4)(A)]   +2

b. The defendant should receive a two level enhancement pursuant to U.S.S.G. § 3B1.1(c).

…

e. The parties agree that either party may argue their respective positions regarding any other specific offense characteristics, reductions, and enhancements to the offense level.

f. The parties agree that either party may seek a departure or variance from the "applicable guideline range" (U.S.S.G. § 5C1.1) determined by the district court at sentencing.

[Doc. 94 at ¶ 8]. As part of the plea, Petitioner waived all rights to appeal and to contest his conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Id. at ¶¶ 20-21]. On July 10, 2018, a United States Magistrate Judge accepted Petitioner's guilty plea after conducting a thorough plea colloquy, during which Petitioner was represented by counsel. [CR Doc. 166: Plea Hearing Tr.]. On February 1, 2019, Petitioner filed a pro se motion to withdraw his guilty plea. [CR Doc. 130]. The Court construed this motion, in part, as a motion to substitute counsel and made inquiry into status of counsel. [CR Doc. 141]. The Court denied Plaintiff's motion for new counsel and deferred ruling on Plaintiff's motion to withdraw his guilty plea. [Id.]. On October 15, 2019, Petitioner, through counsel, moved to withdraw his motion to withdraw his guilty plea. [CR Doc. 152]. The motion provided that counsel had reviewed the matter with Petitioner and Petitioner instructed counsel to request leave to withdraw the motion to withdraw his guilty plea. Petitioner requested that his sentencing be scheduled for the next

available term. [Id.]. The Court allowed Petitioner to withdraw his motion to withdraw his guilty plea. [CR Doc. 153].

Petitioner's sentencing hearing was held on November 14, 2019. [CR Doc. 167: Sentencing Tr]. Before sentencing, a probation officer prepared a PSR. [CR Doc. 122]. The probation officer recommended a base offense level of 30 pursuant to U.S.S.G. §2G1.3(a)(2); a two-level enhancement for unduly influencing a minor victim, J.E., to engage in prohibited sexual conduct, U.S.S.G. § 2G1.3(b)(2)(B); a two-level enhancement for use of a computer or interactive computer service to solicit a person to engage in prohibited sexual conduct with a minor, U.S.S.G. §2G1.3(b)(3)(B); a two-level enhancement because the offense involved the commission of a sex act, U.S.S.G. §2G1.3(b)(1); a two-level vulnerable victim enhancement, U.S.S.G. §3A1.1(b)(1); and a two-level enhancement for Petitioner's role in the offense, U.S.S.G. §3B1.1(c), resulting in an adjusted offense level of 40. [Id. at ¶¶ 30-34, 36]. The probation officer then recommended that five levels be added to Petitioner's adjusted offense level because the offense of conviction is a covered sex crime and Petitioner engaged in a pattern of activity involving prohibited sexual conduct, U.S.S.G. §4B1.5(b)(1). [Id. at ¶ 37]. Finally, the probation officer recommended a three-level reduction for acceptance of responsibility, U.S.S.G. §3E.1.1, resulting in a total offense level (TOL) of 42. [Id. at ¶¶ 38-40]. With a TOL of 42 and a criminal history category of VI, the guidelines recommended a term of imprisonment of 360 months to life. [Id. at ¶¶ 57, 104].

Before sentencing, Petitioner moved for a downward departure for diminished capacity pursuant to U.S.S.G. §5K2.13. [CR Doc. 124]. Petitioner argued that he suffered from a diminished capacity in the form of a "childlike emotional constitution" and was influenced by his "seasoned mother and cagey wife" in the commission of the offense of conviction. [Id. at 14].

4

At the sentencing hearing, the Court affirmed Petitioner's guilty plea. [CR Doc. 167 at 2-3]. The Government agreed that the undue influence enhancement recommended in the PSR pursuant to U.S.S.G. §2G1.3(b)(2)(B) did not apply and stated it had no objection to striking the enhancement. [Id. at 6, 11]. The Government noted, however, that even without the undue influence enhancement, the TOL would be 40 and, with a criminal history category of VI, the guidelines range would remain unchanged at 360 months to life. [Id. at 11]. The Court agreed to strike the enhancement and sentenced Petitioner without it. [See id.; CR Doc. 156: Statement of Reasons]. Petitioner argued for a variance, contending that his criminal history score overrepresents his criminal history.[2] [CR Doc. 167 at 11-12]. The Court examined the particular circumstances of the case and Petitioner's personal and criminal history, including the 18 U.S.C. § 3553(a) sentencing factors. [Id. at 19-24]. The Court noted that Petitioner's criminal history category is commensurate with Petitioner's criminal history. [Id. at 22]. The Court noted that, while Petitioner had certainly had a "tough life," he did not have "mental problems" to mitigate his sentence. [Id.]. Ultimately, the Court found that this was a "calculated crime" and Petitioner "ran the show from jail" to make money for his own bond. [Id. at 23]. The Court sentenced Petitioner to a term of imprisonment of 360 months. [CR Doc. 155 at 2: Judgment].

Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals. [CR Doc. 157]. The Fourth Circuit dismissed Petitioner's appeal, finding that Petitioner knowingly and voluntarily waived his right to appeal and that his arguments on appeal fell squarely within that waiver. [CR Doc. 168]. On August 3, 2021, Petitioner filed the pending Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1]. Petitioner argues that following four grounds for relief: (1) ineffective assistance of counsel "for allowing a two

---

[2] Although Petitioner's counsel originally identified the variance by these terms, he seemed to argue that the TOL overestimated Petitioner's conduct in the offense. [See Doc. 167 at 14].

5

point enhancement under U.S.S.G. §2G1.3(b)(2)(B) – UNDUE INFLUENCE OF A MINOR;" (2) "error of the Court in its U.S.S.G. enhancement application of §2G1.3(b)(2)(B);" (3) denial of Petitioner's "inherent right to a jury trial" by denying Plaintiff's motion to withdraw his plea agreement; (4) the "Court's failure to apply a 5K2.13 variance to Petitioner's sentence." [Id. at 4-6, 8].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Court dispenses with Petitioner's first three arguments as simply and wholly contradicted by the record in this case. The two-level enhancement under U.S.S.G. §2G1.3(b)(2)(B) was not applied by the Court at sentencing. As such, Petitioner's counsel was not ineffective for "allowing" this enhancement and the Court did not err in applying it. Moreover, as noted, even if the enhancement had been applied, it would not have made it a difference in the

6

recommended guidelines range. Either way, the guidelines called for a sentence between 360 months and life. Petitioner's claim that the Court erred in refusing to allow Petitioner to withdraw his plea agreement is also completely meritless. Petitioner, through counsel, asked to withdraw the motion to withdraw the plea agreement, which the Court allowed. There was no error here.

Finally, the Court addresses Petitioner's claim that the Court erred in not applying a U.S.S.G. §5K2.13 "variance" to Petitioner's sentence. Petitioner contends that he "was born in prison and consistently from [that] moment on until sentencing in [this] case been exposed to all of the criminal elements and behavioral adjustments the judicial and correctional systems could heap upon him 'disguised' as 3553(a) sentencing factors…." [CV Doc. 1 at 8 (parentheticals in original)]. Section 5K2.13 provides, in relevant part:

> A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

U.S.S.G. § 5K2.13. After reviewing the record and hearing arguments of counsel, the Court found that, while Petitioner had a "tough life," he did not have mental issues to mitigate his sentence. There was no error in the Court's decision not to depart from the guidelines sentence. See United States v. Dowell, 771 F.3d 162, 170 (4th Cir. 2014) (noting application of clearly erroneous standard to guidelines decisions turning on factual determinations).

In sum, for the reasons stated herein, Petitioner has failed to present any grounds to warrant vacating or modifying his sentence. The Court, therefore, will deny and dismiss Plaintiff's § 2255 motion.

7

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc.1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 10, 2021

Max O. Cogburn Jr
United States District Judge