UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-123-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| ZERRELL ROSS FUENTES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 175). The Government has responded in opposition to the motion, (Doc. No. 180), and Defendant has filed a Reply, (Doc. No. 183). For the following reasons, Defendant's motion will be **DENIED**.

## I. BACKGROUND

In April 2016, while in jail on various state charges, Defendant enlisted his wife and mother to help him execute a scheme to have minors prostitute for him to earn money to pay for his release on bond. (Doc. No. 122 ¶ 11 (PSR)). From jail, via numerous phone calls, Defendant instructed his victims – three minors – to post prostitution advertisements on a particular website and encouraged them to make more money for him. (Id. ¶¶ 14–15). Defendant asked his mother to let one of the minors stay with her and informed his mother that the minor would be earning money by performing commercial sex acts. (Id. ¶ 12). Defendant's wife drove the minors to "dates" with clients. (Id. ¶ 17). Furthermore, Defendant's wife drove Defendant's mother and the three minors to Myrtle Beach, South Carolina, for the purpose of having the minors engage in commercial sex acts to earn Defendant's bond money.

1

Although the three minors engaged in sex acts for money, they did not earn enough for Defendant to make his bond. (Id.). A grand jury indicted Defendant, charging him with conspiracy to commit sex trafficking of minors (Count 1); three counts of sex trafficking of a minor, 18 U.S.C. §§ 1591(a)(1), (b)(2), (c), and 2 (Counts 2, 3, & 4); conspiracy to transport a minor to engage in prostitution (Count 5); and three counts of transportation of a minor to engage in prostitution (Counts 6, 7, & 8). (Doc. No. 1 (Indict.)).

Defendant agreed to plead guilty to one count of sex trafficking of a minor (Count 2). (Doc. No. 94 ¶ 1 (Plea Agrmt.)). Following a plea hearing in accordance with Federal Rule of Criminal Procedure 11, the magistrate judge accepted Defendant's guilty plea, finding that he made it knowingly and voluntarily. (Doc. No. 166 at 25). This Court, applying a vulnerable victim sentencing enhancement, and an enhancement under U.S.S.G. § 4B1.5(b)(1) for engaging in a pattern of activity involving prohibited sexual conduct, found that Defendant's offense level was 40 and his criminal history level was VI, for a guidelines range of 360 months to life. (Doc. No. 167 at 11). The Court noted that "this was a calculated crime" and sentenced Defendant to 360 months in prison. (Id. at 23).

Defendant appealed his sentence, arguing that this Court erred in applying the vulnerable victim sentencing enhancement. Appellant's Br., United States v. Fuentes, No. 19-4881 (4th Cir. May 11, 2020), ECF No. 19. The Fourth Circuit dismissed his appeal, finding that he had knowingly and voluntarily waived the right to appeal as part of his plea agreement and that the issue he presented fell within the scope of his waiver. (Id.).

After his unsuccessful appeal, Defendant filed a motion to vacate, arguing that his attorney was ineffective for allowing an enhancement for undue influence of a minor to be applied and this Court erred by applying that enhancement. (Doc. No. 173). Defendant also

argued that this Court erred by denying Defendant's motion to withdraw his plea agreement, and by not varying from the sentencing guidelines under a departure provision for committing an offense while suffering from a significantly reduced mental capacity. (Id.). This Court denied the motion to vacate, noting that counsel was not ineffective and this Court had not applied the undue influence enhancement, which would not have changed the recommended guideline range even if the Court had applied it. Fuentes v. United States, No. 3:21CV398, 2021 WL 4143899, at *3 (W.D.N.C. Sept. 10, 2021). Moreover, the Court noted that Defendant had, on his own volition, withdrawn his motion to withdraw his plea agreement. (Id. at *4). Lastly, the Court determined that it correctly refused to apply the reduced mental capacity departure provision, because the Court had found that Defendant "did not have mental issues to mitigate his sentence." (Id.).

Defendant now moves to reduce his sentence under the First Step Act. (Doc. No. 175). Defendant argues three extraordinary and compelling reasons support a reduction in his sentence. First, Defendant states that conditions on confinement as a result of the COVID-19 pandemic have made his sentence particularly harsh and provide an extraordinary and compelling reason for a reduction of his sentence. Second, Defendant argues that conditions on his confinement as a result of the COVID-19 pandemic have deprived him of an opportunity to reduce his sentence through educational Good Time Credits. Third, Defendant contends that his sentence is unduly severe, because the Court inappropriately applied a sentence enhancement, under U.S.S.G. § 4B1.5(b)(1), for engaging in a pattern of activity involving prohibited sexual conduct. Defendant argues that this enhancement is "suspect at best" because he "did not endeavor to make sexual exploitation a means of income, nor was there a pattern beyond the instant offense," which he describes as "situational." (Id. at 15). Defendant states that he is requesting "mercy," rather than

3

challenging his sentence. He asks the Court to reduce his sentence to 292 months, because this would be the bottom of the applicable guideline range if the Court had not applied the five-level enhancement, under U.S.S.G. § 4B1.5(b)(1), for engaging in a pattern of activity involving prohibited sexual conduct. (Id. at 13–15).

Defendant was committed to Bureau of Prisons (BOP) custody in December 2019. (Gov. Exh. 1). Defendant has served approximately six years, which is less than 20% of his full sentence. (Id. at 2). While incarcerated, Defendant has been disciplined for two phone abuse infractions, disruptive conduct, and possessing a hazardous tool. (Gov. Exh. 2). Defendant's current "team sheet" indicates that he has not participated in any educational, vocational, or recreational programs since his last review. (Gov. Exh. 3, at 2).

## II.     DISCUSSION

Once a defendant properly exhausts his administrative remedies, this Court may reduce Defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. That policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals held that Section 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exist to

4

warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, the Court is "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). The Court still may consider the § 1B1.13 factors, however, because that Section "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. As the movant, Defendant still bears the burden of establishing that he is eligible for a sentence reduction, and that includes establishing that "extraordinary and compelling reasons" justify his request. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Defendant has not established an extraordinary and compelling reason for compassionate release. Defendant relies mainly on his contention that the BOP has imposed "harsh conditions" in light of the pandemic, and that this has made his conditions "harsher and more punitive than otherwise would have been the case." (Doc. No. 175 at 16). Pandemic-related restrictions were implemented to reduce the risks related to COVID-19 for inmates and staff, and they do not on their own establish an extraordinary and compelling reason for compassionate release. Therefore, Defendant has not shown a sentence reduction is warranted based on pandemic-related prison conditions. See United States v. Hall, 2022 WL 2195975, at *3 (D. Md. June 10, 2022) (holding pandemic-related prison conditions "do not, without more, establish extraordinary and compelling reasons for compassionate release").

Defendant additionally asserts that his opportunity to participate in educational programming has been limited due to pandemic-related restrictions, and that this supports a sentence reduction. See (Doc. No. 175 at 18–19). This argument is misplaced. Defendant has no

5

liberty interest in earning time credits, and his assertion that he has been denied "the opportunity" to do so does not constitute an extraordinary and compelling reason for compassionate release. United States v. Amaro-Lopez, 2022 WL 18000064, at *1 (5th Cir. 2022) (unpublished) (dismissing appeal from denial of compassionate release, including the denial of the opportunity to earn time credits due to the pandemic, as frivolous).

Lastly, Defendant argues that an enhancement, under U.S.S.G. § 4B1.5(b)(1) for engaging in a pattern of activity involving prohibited sexual conduct, should not have been applied to his sentence. However, disagreement with a sentence is neither extraordinary, nor compelling, and therefore does not provide grounds for a reduction of sentence. See United States v. Ledesma-Cuesta, 2020 WL 5517467, at *2 (E.D. Pa. Sept. 11, 2020) ("The unfairness of a sentence is not a basis for compassionate release.").

The Court further finds that even if Defendant had shown extraordinary and compelling reasons for compassionate release, consideration of the Section 3553(a) factors counsel strongly against relief. This Court must consider the sentencing factors in 18 U.S.C. § 3553(a), as "applicable," as part of its compassionate release analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Those factors include "the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant." United States v. Prater, No. 3:13CR133, 2021 WL 54364, at *4 (E.D. Va. 2021) (citing 18 U.S.C. § 3553(a)(1)–(2)). Section 3553(a) also instructs courts to consider the sentencing range established for the offense, as well as "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(4), (6).

Defendant has not shown that the sentencing factors in Section 3553(a) warrant a reduction in his sentence. In support of his Section 3553(a) argument, Defendant contends that his family structure has been damaged by the war on drugs and that his mother encouraged and assisted his offense. (Doc. No. 175 at 22). However, these mitigating factors existed at the time of sentencing, when the court concluded that a 360-month sentence was appropriate. Moreover, the nature and circumstances of Defendant's underlying offense are serious. He hatched and executed a plan to prostitute multiple minors for economic gain. Defendant has served only approximately six years of a 30-year sentence and offers no new information to support his claim that he does not pose a threat to the public. In fact, Defendant's disciplinary infractions suggest just the opposite. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant continue to support Defendant's sentence.

For all these reasons, the Court will deny Defendant's motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 175), is **DENIED**.

Signed: June 9, 2023

Max O. Cogburn Jr
United States District Judge